**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

      **Plaintiff,**

**v.**

**JAMES V. VEST,**

      **Defendant.**                **Case No. 06-cr-30011-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

      Defendant James Vest was initially indicted on one count for knowing possession of a machine gun in violation of **18 U.S.C. §§ 922(o)** and **924(a)(2)** (Doc. 6).  Later, a Superceding Indictment (hereinafter, the "Indictment") (Doc. 30) was obtained against Vest for three separate counts.  The first count remained the same as the initial indictment.  The second count was for knowing possession of a machine gun transferred in violation of Title 26 of the United States Code, Chapter 53, thereby in violation of **26 U.S.C. §§ 5812, 5861(b)** and **5871**.  The third count was for knowing possession of a machine gun not registered to Defendant in the National Firearms Registration and Transfer Record as required by Title 26 of the United States Code, Chapter 53, thereby in violation of **26 U.S.C. §§ 5812, 5861(b)** and **5871**.

It is the validity of the Indictment itself Defendant challenges in his Motion to Dismiss (Doc. 38).  The crux of Defendant's argument is that the Indictment should be dismissed because it fails to include an "essential fact" or "essential element," as required by **FEDERAL RULE OF CRIMINAL PROCEDURE 7(c)(1)**, that Defendant's possession of the machine gun at issue was "private and/or without authority" (Doc. 40, p. 1).  In other words, Defendant asserts that an exception found in subparagraph (2) of **18 U.S.C. § 922(o)** (hereinafter, the "law enforcement exception") should be treated as an essential element of the crime of knowing possession of a machine gun, as set forth in **18 U.S.C. § 922(o)**, and not merely an affirmative defense.  Therefore, Defendant believes that because the Government failed to plead the law enforcement exception as an essential element to the three counts in the Indictment, a dismissal is warranted.  Opposing Defendant's Motion, the Government contends this law enforcement exception is not an essential element, but is more properly deemed an affirmative defense, which Defendant may assert (Doc. 48).  Defendant also briefly raises constitutional arguments, but reserves these until the Court first rules upon the issue of whether the law enforcement exception should be considered an essential element of the Indictment.

The Court conducted a hearing for Defendant's Motion to Dismiss on June 30, 2006.  Both parties presented oral argument regarding whether the law enforcement exception should be treated as an essential element to the Indictment. The Court took Defendant's Motion under advisement for full consideration of the

issues and relevant law.  For the reasons discussed more fully below, the Court finds that the law enforcement exception should be treated as an affirmative defense and not as an essential element of the Indictment.  As such, Defendant's Motion to Dismiss on this issue is **DENIED**.

## II.  <u>ANALYSIS</u>

**A.    LAW ENFORCEMENT EXCEPTION**

The law enforcement exception is found under subparagraph (2)(A) of **18 U.S.C. § 922(o)**, which reads:

> **(o)(1)        Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machine gun.**
>
> **(2)         This subsection does not apply with respect to--**
> **(A)     a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or**
> **(B)     any lawful transfer or lawful possession of a machine gun that was lawfully possessed before the date this subsection takes effect.**

**B.    CASE LAW**

Unfortunately, neither the parties nor the Court can identify binding precedent on this exact issue.  Therefore, the next best approach is for the Court to examine and borrow the legal reasoning of sister circuits.  Several cases were cited by the parties in their briefings, which the Court will discuss in chronological order.

In his supporting memorandum (Doc. 40), Defendant asserts that

because "Illinois State police officers may legally possess machine guns . . . the indictment is defective as it fails to state an 'essential fact(s)' . . . that [Defendant's] possession was private and/or without authority" (*Id*. at 1).  Beginning his analysis, Defendant admits that there were not cases found directly on point with this issue. Defendant did, however, discuss two cases he believes are persuasive (*Id*, pp. 2-3, citing **Farmer v. Higgins, 907 F.2d 1041 (11th Cir. 1990)** and **U.S. v. Kloess, 251 F.3d 941 (11th Cir. 2001)**).

      1.    **Farmer v. Higgins, 907 F.2d 1041 (11th Cir. 1990)**

The issue of the case was "whether section 922(o) prohibits the private possession of machine guns not lawfully possessed prior to May 19, 1986." **Farmer, 907 F.2d at 1043 (discussing exception (2) (called the "grandfather clause" to § 922(o))**.  The holding of the district court found that the grandfather clause exception allowed lawful possession of a machine gun by an individual after May 19, 1986, as long as the person complied with the National Firearms Act's application and registration requirements.  **Id. at 1044**.  Agreeing with the Bureau, the Eleventh Circuit found the district court's interpretation of the second exception to **§ 922(o)** was not only incorrect, but that its application would "render **§ 922(o)**'s 'machine gun prohibition' a nullity" and the grandfather clause meaningless.  **Id.**

On review of the lower court's decision, the Eleventh Circuit took an extensive look at the legislative history behind the law, as well as the regulations promulgated by the Bureau of Alcohol, Tobacco and Firearms.   Among the

discussions reviewed were comments from Senators Dole and Hatch regarding the "under the authority" language of the law enforcement exception and whether it allows a local police force to authorize its officers to purchase machine guns for individual ownership rather than the ownership by the police force. ***Id.* at 1045**. The Eleventh Circuit observed that Senator Hatch remarked:

> possession or transfer of those weapons would cease to enjoy the authorization of the State agency or subdivision when the officer was no longer on the police force.  The police force would then have to exercise its authority to guarantee that the machine gun was transferred to another entity authorized by the State or the United States to possess such weaponry.

***Id.* (citing 132 CONG. REC. 9601 (statement of Sen. Hatch))**.

In his supporting memorandum to the Motion to Dismiss Indictment, Defendant submits the language of ***Farmer*** for the proposition that "[what Congress prohibited by statute was not machine guns, but, rather, private possession of machine guns" (Doc. 40, p. 2., citing ***Farmer*, 907 F.3d at 1045**).  Defendant also cites this case for the legal assertion that "the plain language of the statute, and the sparse case law concerning the charge of police officer thereunder that Congress intended that law enforcement officers not be subject to prosecution for possession of machine guns that it was the 'private possession' of machine guns that is the subject of [§] **922(o)**" (Doc. 40, p. 3).  For this reason, Defendant believes the Government should be compelled to amend or supercede the Indictment to include the law enforcement exception as an essential element.

The Government, in its opposing Response, argues that Defendant's

reliance on *Farmer* is off the mark.  First, the Government notes that *Farmer* "was not a criminal case, but rather was an appeal from a writ of mandamus for an application to [the Bureau] for the manufacture of a machine gun" (Doc. 48, p. 3).  Secondly, it appears that the sole issue on appeal involved the interpretation of second exception found in subsection (2), the "grandfather clause" of **§ 922(o)**.  The Government is correct in asserting that the *Farmer* case does little to further Defendant's Motion to Dismiss arguments.   If nothing else, the Court believes *Farmer* demonstrates that Congress felt proper state or federal authorization was necessary for even a police officer to purchase, possess, and/or transfer a machine gun.  In accordance with this interpretation, the Government asserts it has indicted Defendant for the *un*authorized act of knowingly possessing a machine gun.

      **2.**    ***United States v. Just*, 74 F.3d 902 (8th Cir. 1996).**

      *Just*, although from a sister-circuit and therefore non-binding upon this Court, is somewhat aligned with the issues in this case and is relied upon by the Government (Doc. 48, p. 2) to support its position that the law enforcement exception is an affirmative defense.   Defendant Just was convicted for illegal possession and transfer of a machine gun in violation of **§ 922(o)**.  ***Just*, 74 F.3d at 903**.   He appealed this conviction, arguing, among other things, that the indictment failed to allege an essential element of the charged offense.   ***Id.*** Specifically, Just claimed the indictment failed to allege that the machine gun was unregistered as an essential element of the crime, found under the law enforcement

exception.  **Id.**

The Eighth Circuit stated that "an indictment is sufficient if it 'first, contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead double jeopardy as a bar to a future prosecution.'" **Id.** (**quoting *Hailing v. United States*, 418 U.S. 87, 117 (1974)**).  Further it was observed that on review, unless the indictment was "'so defective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted,'" it would be upheld.  **Id. at 904** (**citing *United States v. Lucas*, 932 F.2d 1210, 1218 (8th Cir. 1991) quoting *United States v. Check*, 671 F.2d 1195, 1197 (8th Cir. 1982)**).

The appellate court found that because Just's indictment charged him with "knowing possession and transfer of a machine gun, described the specific facts and circumstances supporting the charge and cited to **18 U.S.C. § 922(o)**," there was sufficient information to apprise him of the charges brought against him and the indictment would therefore be upheld.  **Id.**  Further, the Eighth Circuit did not believe that non-registration of a machine gun should be an essential element.  **Id.**  Instead, it found that "[t]he exceptions contained in part (2) of the subsection establish affirmative defenses to the defined offense.  They are not elements of the offense that must be charged in the indictment."  **Id.** (**citing *McKelvey v. United States*, 260 U.S. 353, 357 (1922)**).

    **3.**    ***United States v. Gonzales*, 121 F.3d 928 (5th Cir. 1997)**.

    The Government also relies upon the ***Gonzales*** case in its opposition. ***Gonzalez*** is also an opinion issued by a sister circuit and therefore non-binding, however, it also is insightful.  Defendant Gonzalez was convicted for unlawful possession of a machine gun and argued on appeal that the Government failed to prove beyond a reasonable doubt that he did not *lawfully* possess the machine gun prior to May 19, 1986 (the grandfather clause date). ***Gonzalez*, 121 F.3d at 936**. The Fifth Circuit found Gonzalez's claim to be "meritless." ***Id.***  Stating that the "Due Process Clause requires the government to prove only the essential elements of the offense beyond a reasonable doubt," the appellate court found that the "exception for lawfully possessed machine guns is an affirmative defense, however, not an element of the offense." ***Id.* at 936-37 (citing *Just*, 74 F.3d at 904)(additional citations omitted)**.  As such, the Fifth Circuit held the government had no duty to first disprove this affirmative defense. ***Id.***  Instead, the defendant had the burden of first establishing this affirmative defense. ***Id.* at 937**.

    **4.**    ***United States v. Kloess*, 251 F.3d 941 (11th Cir. 2001)**.

    ***Kloess*** is another non-binding case from a sister circuit.  It is the other opinion Defendant relies upon in furtherance of his argument, but the Government also argues that the holding in ***Kloess*** contradicts Defendant's assertion that the law enforcement exception should be considered an essential element.

    ***Kloess*** does not deal with **§ 922(o)** specifically, but Defendant relies

upon this case for its guidance in analyzing when an exception to the statute is to be construed as an essential element of the charge as opposed to an affirmative defense. Defendant Kloess was an attorney charged with violating **18 U.S.C. § 1512(b)(3)** for obstruction of justice when he knowingly misled the Court regarding the true identity of his client in order to conceal a probation violation. ***Kloess*, 251 F.3d at 943**. Kloess moved to dismiss the indictment, contending that it failed to include an essential element found in a safe harbor provision of a separate section, **§ 1515(c)**, which excluded those providing bona fide legal representation services in connection with the legal proceeding. ***Id.*** Namely, Kloess argued the government must plead and prove his conduct was not protected by the safe harbor provision. ***Id.*** The district court found that such burden should be the government's and therefore granted Kloess's motion. The government thereafter appealed. ***Id.* at 944**.

The Eleventh Circuit began its analysis with a three-part test to determine whether a statutorily created exception to a criminal offense is an essential element. ***Id.* (citing *United States v. McArthur*, 108 F.3d 1350, 1353 (11th Cir. 1997))**. Step one requires the court to examine the language and structure of the statute itself to determine whether the exception is part of the general statutory offense. ***Id.*** Secondly, the court must review the statute's legislative history to see if Congress intended to make the exception an element of the crime. ***Id.*** Lastly, the court must determine whether the government "is well-situated to adduce evidence tending to prove the applicability of the exception." The exception will be considered

an essential element of the crime if "the answer to the three questions is 'yes.'" *Id.*

The Eleventh Circuit noted that often, statutory language does not specifically state whether an exception is an essential element or an affirmative defense, even though Congress routinely creates exceptions. *Id.* *Kloess* also observes that these exceptions are generally interpreted as affirmative defenses. *Id.* **(citations omitted)**. As part of its analysis, the Eleventh Circuit cited the United States Supreme Court's holding that "'an indictment . . . founded on a general provision defining the elements of an offense . . . need not negative the matter of an exception made by a provision or other distinct clause, whether in the same section or elsewhere . . . .'" *Id.* **at 945 (citing** *McKelvey***, 206 U.S. at 357)**.

In looking at **§ 1515(c)**, the appellate court found it was a distinct clause, in a different section, suggesting that it was not an element of the crime. *Id.* The safe harbor provision exception of **§ 1515(c)** was construed as a very narrow exception. Further, the appellate court held that the charging statute defined the offense without reference to the exception in **§ 1515(c)**, and found that omitting the exception from the statute would not "[do] violence to the definition of the offense." *Id.* Therefore, the exception (safe harbor provision) was more likely an affirmative defense rather than an essential element. *Id.*

The Eleventh Circuit found the pertinent legislative history inconclusive and therefore not helpful to its analysis. *Id.* **at 946**. Lastly, the appellate court found that  the defendant was in a better position than the government to "prove

facts that would allow them to take advantage of a statutory exception," as to whether defendant was providing lawful, bona fide legal representation.  **Id.**   Thus, the Eleventh Circuit found the exception (safe harbor provision) to be an affirmative defense rather than an essential element to the crime.  Further, the appellate court held that if the defendant adequately raises the affirmative defense (which effectively then negates an element of the offense), the prosecution bears the burden of disproving the defense beyond a reasonable doubt.  **Id. at 948**.

Defendant in this case cites **_Kloess_** for its three-step inquiry and asserts that applying this test will show that the law enforcement exception will prove to be an essential element of the crime rather than an affirmative defense.  Defendant first argues that the plain language of the statute and the "sparse case law" evidence that Congress intended law enforcement officers *not* to be subject to prosecution for possession of machine guns (Doc. 40, p. 3).  Instead, Defendant opines that the purpose of **§ 922(o)** is to find violations for the "private possession" of machine guns (*Id.*).  Defendant also argues that the government, consistent with the third inquiry of the test, is in a better position to prove facts that would allow them to take advantage of a statutory exception.  Specifically, the government, not Defendant, maintains the registry on firearms and therefore has access to all the necessary registration and transfer documents (*Id.*).

In contrast, the Government argues that Defendant's reliance on **_Kloess_** is misplaced – that "both the holding and the reasoning in **_Kloess_** lead to an

inevitable conclusion that completely contradicts [Defendant's] assertion" (Doc. 48, p. 4).  As in ***Kloess***, the Government argues that the law enforcement exception excludes a narrow margin of individuals from the general prohibition of possession of machine guns.  Therefore, the Government believes it would be "nonsensical" to treat this narrow exception "as an essential fact that would have to be pled and negated in every prosecution of an individual for the illegal possession of a machine gun" (*Id*. at 5).

**5.**      ***United States v. Baker*, 438 F.3d 749 (7th Cir. 2006)**.

This is the only Seventh Circuit case cited by the parties.  It is not on point with the facts of this case because it does not involve the application or interpretation of **§ 922(o)**.  Nevertheless, the Government cites to this very recent case, explaining that it involves interpretation of an exception found in **§ 925(a)(1)**,[1] which is similar in nature to **§ 922(o)** (Doc. 48, p. 5).  Defendant Baker was convicted on three counts of being a felon in possession of a firearm in violation of **18 U.S.C. § 922(g)(1)**.  ***Baker*, 438 F.3d at 750**.  Baker presented a public authority defense as well as the statutory defense contained in **§ 925(a)(1)**, arguing that when he possessed the firearm, he was acting under the authority of a law

---

[1] **18 U.S.C. § 925(a)(1) reads:**
> The provisions of this chapter, except for sections 922(d)(9) and 922(g)(9) and provisions relating to firearms subject to the prohibitions of section 922(p), shall not apply with respect to the transportation, shipment, receipt, possession, or importation of any firearm or ammunition imported for, sold or shipped to, or issued for the use of, the United States or any department or agency thereof or any State or any department, agency, or political subdivision thereof.

enforcement official.  *Id.* **at 750-51**.

The Government, in its opposition, suggests ***Baker*** found that the exception stated in **§ 925(a)(1)** was a statutory affirmative defense and not an essential element of the offense for violating **§ 922(g)**.  While this seems to be expressed by implication – the Seventh Circuit does state "the statutory defense contained in **18 U.S.C. § 925(a)(1)**" – it did not explore the direct issue of whether the exception should be considered an essential element, as that issue was not raised by Baker on appeal.

**C.     MOTION TO DISMISS INDICTMENT HEARING**

**1.     The Three-Part Inquiry Under *Kloess***

Upon review of the parties' briefings and the pertinent case law, the Court determined that the three-part inquiry used in ***Kloess*** would aid in shaping the parties' arguments during the hearing and also for structuring the Court's analysis for deciding the issue.

**a.     The Plain Language Interpretation of § 922(o)**

The first part of the inquiry requires the Court to examine the plain language meaning of the statute itself to decipher whether Congress intended for the exception to be included as an element of the crime.  At the hearing, Defendant led with his main argument that **§ 922(o)** is unique from many other statutes in that it begins with the phrase "except," which is a clear indication that Congress intended for the stated exceptions to be included as essential elements to the crime of

possession of a machine gun.   During its portion of the oral argument, the Government countered that **§ 922(o)** begins with the phrase "except" simply because it describes an exception – and not, as Defendant reasons, because Congress intended the exception be included as an essential element of the crime.

As in ***Kloess***, **§ 922(o)** does not specifically state whether the exception is an essential element or affirmative defense.   Although Defendant makes an interesting argument regarding the uniqueness of this statute in that it actually begins with the phrase "except," which seems to place emphasis one's notice of the exceptions, this alone cannot justify siding with Defendant.   The statute at issue in ***Kloess*** gave a general proscription which broadly defined the criminal conduct, much the same as in this case, where **§ 922(o)** broadly defines the possession of a machine gun as illegal conduct.   ***Kloess*, 251 F.3d at 945**.   Further, the exceptions to the statute at issue in ***Kloess*** were found to be narrow.   ***Id.***   The Court finds the exceptions to **§ 922(o)** are also narrow, as the only lawful possession of a machine gun occurs when properly authorized by state or federal authority or when lawfully possessed prior to May 19, 1986.

However, the Court recognizes there is a distinction between the statute examined in ***Kloess*** and **§ 922(o)**.   The exception at issue in ***Kloess*** was found in an entirely different section of the Act, and the statute defining the crime did not make specific reference to the statutory exception.   ***Id.***   In fact, the exception could be omitted "without doing violence to the definition of the offense."   ***Id.***   Therefore,

the Eleventh Circuit deduced that the exception was "more likely to be a defense to the crime rather than an element of it."  **Id.**

However, in this case, the exception is not found in a separate section, but rather, is included within **§ 922(o)**, which itself defines the crime of possessing a machine gun.  Naturally, such a distinction seems to place **§ 922(o)** squarely within the gray area of the law.  Yet, the Court finds that perhaps this is exactly why the phrase "except" is found at the very beginning of **§ 922(o)** – to clarify and clearly indicate the fact that the foregoing circumstances under subsection (2) of **§ 922(o)** are, in fact, exceptions and not part of the definition of the criminal offense itself. This view also conforms to the Supreme Court's holding in **McKelvey** that "an indictment . . . founded on a general provision defining the elements of an offense . . . need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere . . . ." **McKelvey, 260 U.S. at 357; see also Just, 74 F.3d at 904 (finding the exceptions in subsection (2) of § 922(o) are affirmative defenses and not essential elements, citing McKelvey, 260 U.S. at 357 in support)**.  Therefore, the Court finds that the statutory language alone does not adequately support a finding that the law enforcement exception should be an essential element rather than an affirmative defense to a violation of **§ 922(o)**.

### b.    Legislative History of § 922(o)

The second part of the ***Kloess*** inquiry involved examining the legislative history of the statute at issue to find whether the exceptions were intended as essential elements of the crime rather than affirmative defenses.

During the hearing, Defendant argued that based upon the legislative history, **§ 922(o)** should be construed almost as a blanket provision, allowing any and all law enforcement officers to possess machine guns, thereby requiring the Government to instead prove Defendant possessed the machine gun in his capacity as a private individual.  Defendant believes the holding in ***Farmer***, that **§ 922(o)** prohibits the private possession of machine guns, supports his Motion.  ***Farmer*, 907 F.2d at 1045 (relying on relevant legislative history to show Congress intended to prohibit private possession)**.

Defendant further believes that interpreting the exceptions stated in subsection (2) of **§ 922(o)** as essential elements will allow him to get to the issue, pre-trial, of whether he had proper state authorization to possess the machine gun.  Conversely, Defendant argues that if the exception is deemed an affirmative defense, there is no opportunity for him to prove he was acting under proper state authority until the trial begins, which could amount to a waste of judicial and government resources.  Defendant believes his theory holds especially true in this case, as he asserts that the Government has offered no information that the machine gun at issue was ever used by Defendant for a *non*-police purpose.

The Government explained that instead of stating in the Indictment that Defendant's possession of the machine gun was private, the Indictment states Defendant knowingly possessed the machine gun in violation of **§ 922(o)**. Therefore, the Government believes the Indictment adequately indicates Defendant's possession was unlawful. The Government also believes the validity of the Indictment, as it currently stands. is supported by case law and offers that Defendant could raise the issue, pre-trial, regarding whether he had proper state authority to possess the machine gun by filing a public authority defense pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 12.3**.

Neither party made a showing during the hearing of other legislative history regarding **§ 922(o)**, other than what was discussed in ***Farmer***. Examining the legislative history as discussed in ***Farmer***, Defendant is correct in noting that it appears Congress intended only to ban the private possession of machine guns, not possession by a law enforcement officer. But Congress also made it clear that possession of a machine gun by a law enforcement officer would only be legal assuming it was pursuant to proper authorization from either federal or state authority.

Defendant apparently views the statutory language of **§ 922(o)**, coupled with the legislative history noting that police officers are covered under the exception, as creating a blanket provision for any law enforcement officer to possess a machine gun. The Court does not agree. The operative phrase of the law enforcement

exception, also discussed within the legislative history, is "*under the authority of* . . . ." The requirement that possession of a machine gun by a law enforcement officer be pursuant to authorization from proper federal or state authorities is imperative – otherwise, any law enforcement officer could legally acquire and possess any number of firearms without any type of supervisory control. This notion does not align with the purpose of the statute, which is essentially providing a form of gun control. Further, nothing in **Farmer** indicates nor has Defendant made a valid argument, that **§ 922(o)**'s legislative history supports the argument that the law enforcement exception was intended to be an element of the offense.

The Defendant suggested at one point that all police officers must be authorized to possess machine guns or else how could they possess them for the purpose of arresting the true civilian criminal who truly is breaking the law? That leads the Court to ask how does an officer possess crack cocaine when he arrests a drug dealer? How does a courtroom deputy clerk handle the same crack when it is admitted into evidence or what of the jurors when the crack is passed down the line to view it in the jury box or hold it in the jury room or when brought into the courtroom to view the evidence? The Court is not aware of authorizing statutes for each such instance. Shall we tip off young coppers so they can increase their collars by arresting fellow officers or jury boxes full of unsuspecting citizens? Does our society really need an authorizing statute to allow an officer to take a machine gun away from a bad guy? Based on defense counsel's argument that the law enforcement community (presumably with the exception of the Bureau of Alcohol,

Tobacco, Firearms and Explosives and the United States Attorney's Office) is totally supportive of the Defendant, the Court supposes Defendant would answer this question in the affirmative were it not rhetorical.

        **c.**    **Access to Proof**

      The final step of the ***Kloess*** three-part inquiry looks to which party is better able to access facts substantiating a statutory exception. ***Kloess*, 251 F.3d at 946**. As argument in his supporting memorandum, Defendant believes the Government would have access to evidence serving to substantiate the law enforcement exception, as it maintains firearm registration records on ownership and transfer.

      The Court wishes it would have thought to ask defense counsel at oral argument about the second statutory exception to **§ 922(o)**, the grandfather clause, and whether it should be included as an essential element of his Indictment – that is, for the Government to also prove that Defendant did not possess the machine gun at issue prior to May 19, 1986. If Defendant believes the law enforcement exception to **§ 922(o)** should be treated as an essential element to the offense, one would logically assume the grandfather clause exception, also stated within subsection (2) of **§ 922(o)**, should also be treated as an essential element. Yet, Defendant makes no mention of it, nor could likely justify it. However, the Court must consider that if one exception is considered an element, the other exception must, too, be an element of the offense.

Keeping that in mind, it would seem that the Defendant and not the Government, would have greater access to proof regarding the facts of the exception(s).  If the Government charges Defendant, as it has, with the knowing and unlawful possession of a machine gun, Defendant is in the best position to show whether the possession was pursuant to proper federal or state authority.  If the Government were required to negate this exception as part of its initial burden of proof to obtain the Indictment, it could face the possibility of questioning many witnesses to ensure that some higher authority did not give Defendant authorization. For example, if Defendant has seven different supervisors, the Government must use all seven as witnesses to state Defendant did not have proper authority to support the Indictment.   Whereas, if Defendant claims he was covered under the law enforcement exception, he will most likely know the exact supervisor who gave him authorization and can use that specific witness.  This provides a much more efficient approach.

Similarly, if the issue involves the grandfather clause exception, it is true the Government may have access to state and federal firearm registration records to aid in proving registration of the machine gun was not prior to May 19, 1986, in order for the Indictment to stand.  However, there may arise a situation where the firearm predates the registration requirements and therefore, Defendant remains in the best possession to show his date of possession.  In either case, the Court finds that the Defendant would have either the equivalent or greater ease of proof to substantiate the facts of a claimed exception to **§ 922(o)**.

Under the three-part **Kloess** inquiry, the Court finds that the answer is "no" to each part of the inquiry of whether the law enforcement exception should be an essential element to the offense under **§ 922(o).**

### 2.    Sufficiency of an Indictment

Also during the hearing, the Government argued that case law supports the validity of the Indictment against Defendant.  The Supreme Court in **McKelvey** stated that the Government need not negate an exception as an element of the offense, but instead the Defendant should have to establish it as an affirmative defense. **McKelvey, 260 U.S. 357**.  The Supreme Court continues to adhere to its holding, citing **McKelvey** again for the same proposition in a recent 2006 opinion. **See United States v. Dixon, No. 05-7053, 2006 WL 1698998 at \*7 (June 22, 2006)**.  The Seventh Circuit has held that an indictment is sufficient if it "'sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" **United States v. Westmoreland, 240 F.3d 618, 633 (7th Cir. 2001)(quoting United States v. Garcia-Geronimo, 663 F.2d 738, 743 (7th Cir. 1981)); see also United States v. Alhalabi, 443 F.3d 605, 611 (7th Cir. 2006)(quoting Westmoreland)**.  Further, the Seventh Circuit held that each element need not be specifically "'spell[ed] out'" if it is instead "'present in context.'" **Westmoreland, 240 F.3d at 633 (quoting United States v. Smith, 223 F.3d 554, 571 (7th Cir. 2000)(other citation omitted))**.

Drawing support from the legal precedent established by the Seventh

Circuit, the Court finds the Indictment against Defendant to be sufficient as it is currently stated.  The Indictment sets forth the specific statutes Defendant has allegedly violated.  It additionally states that Defendant had knowing possession of the machine gun at issue, in violation of **§ 922(o)**.  This implies that Defendant did not fall within either of the exceptions stated in subsection (2) of **§ 922(o)**.  Moreover, Counts II and III of the Indictment hinge on Defendant's alleged illegal possession of a machine gun in order to state further statutory violations, all of which are specifically referenced in the Indictment.  In sum, the current Indictment provides enough information to sufficiently apprise Defendant of the charges he is facing under the Indictment and to allow him to adequately prepare for trial.

## IV.  **CONCLUSION**

Defendant's Motion to Dismiss the Indictment (Doc. 38) is hereby **DENIED** with regard to Defendant's argument that the law enforcement exception as stated under subsection (2)(A) of **§ 922(o)** should be deemed an essential element of the offense and not construed as an affirmative defense.  The Court finds it is in accord with the law of the United States Supreme Court and other sister circuits that both the law enforcement exception and the grandfather clause exception under subsection (2) of **§ 922(o)** are treated as affirmative defenses, not to be plead as essential elements of the Indictment.  Further, the Court finds that the Indictment against Defendant as currently stated is sufficient in that it sufficiently apprises him of the charges he is facing to allow him to adequately prepare for trial.

The Court does not base its ruling today on any of Defendant's constitutional grounds, as Defendant has reserved such argument for subsequent briefing.  Therefore, it is apparent that the Defendant intends to pursue a further argument based on Constitutional grounds.  In that event, the Defendant shall have his further motion on file on or before **July 24, 2006**.  The Government shall have its response on file on or before **August 7, 2005**.  Oral argument will be set for **Wednesday, August 9, 2006, at 1:30 p.m.**   Two hours have been set aside.

This case remains on the trial docket for August 21, 2006.

**IT IS SO ORDERED.**

Signed this 11th day of July, 2006.

/s/            David  RHerndon
**United States District Judge**