**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**JAMES V. VEST,**

      **Defendant.**                **Case No. 06-cr-30011-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I.  INTRODUCTION

Defendant James Vest has filed a Motion for a Bill of Particulars (Doc. 37), pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 7(f)**, requesting the following:

> 1.     With respect to Count II[1] of the superceding indictment, please state when, and by whom, the firearm was transferred to defendant.
>
> 2.     With respect to Count II of the superceding indictment, please state if the transfer applied, per Title 26 § 5812.  If so, please state by whom and when.
>
> 3.     Was the application for transfer approved for transfer by the

---

[1]  **Count II** of Defendant's Superceding Indictment (Doc. 30) reads:

On or about December 29, 2005, in St. Clair County, within the Southern District of Illinois, **JAMES V. VEST**, Defendant herein, did knowingly possess a firearm, that is, a Colt Brand, Model M4/M16A2E, .223 caliber machinegun bearing serial number A0104096, that was transferred to himn in violation of the provisions of Title 26, United States Code, Chapter 53.

All in violation of Title 26, United States Code, Sections 5812, 5861(b) and 5871.

United States Government?  If so, by whom and when was the approval issued.

4.       Is the State of Illinois subject to Title 26 § 5812[2] or Title 26 § 5841[3]?

---

[2] **26 U.S.C. § 5812** states:

(**a**) **Application**.--A firearm shall not be transferred unless (1) the transferor of the firearm has filed with the Secretary a written application, in duplicate, for the transfer and registration of the firearm to the transferee on the application form prescribed by the Secretary; (2) any tax payable on the transfer is paid as evidenced by the proper stamp affixed to the original application form; (3) the transferee is identified in the application form in such manner as the Secretary may by regulations prescribe, except that, if such person is an individual, the identification must include his fingerprints and his photograph; (4) the transferor of the firearm is identified in the application form in such manner as the Secretary may by regulations prescribe; (5) the firearm is identified in the application form in such manner as the Secretary may by regulations prescribe; and (6) the application form shows that the Secretary has approved the transfer and the registration of the firearm to the transferee. Applications shall be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law.

(**b**) **Transfer of possession.**--The transferee of a firearm shall not take possession of the firearm unless the Secretary has approved the transfer and registration of the firearm to the transferee as required by subsection (a) of this section.

[3] **26 U.S.C. § 5841** states:

(**a**) **Central registry**.--The Secretary shall maintain a central registry of all firearms in the United States which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record. The registry shall include--

> (1) identification of the firearm;
> (2) date of registration; and
> (3) identification and address of person entitled to possession of the firearm.

(**b**) **By whom registered**.--Each manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes. Each firearm transferred shall be registered to the transferee by the transferor.

(**c**) **How registered**.--Each manufacturer shall notify the Secretary of the manufacture of a firearm in such manner as may by regulations be prescribed and such notification shall effect the registration of the firearm required by this section. Each importer, maker, and transferor of a firearm shall, prior to importing, making, or transferring a firearm, obtain authorization in such manner as required by this chapter or regulations issued thereunder to import, make, or transfer the firearm, and such authorization shall effect the registration of the firearm required by this section.

(**d**) **Firearms registered on effective date of this Act**.--A person shown as possessing a firearm by the records maintained by the Secretary pursuant to the National Firearms Act in force on the day immediately prior to the effective date of the National Firearms Act of 1968 shall be considered to have registered under this section the firearms in his possession which are disclosed by that record as being in his possession.

Page 2 of 7

> 5.      Was the firearm in question registered to defendant's employer, the State of Illinois, or any subdivision thereof?

Defendant has also filed a supporting memorandum (Doc. 39), which states:

> [t]he Court is aware from the suppression hearing that the automatic weapon was registered to the Illinois State Police and possessed by Sgt. Vest in the line of duty.  In order to perfect our record for the motion (and our defense), it is necessary that the information sought be provided.  We do not think it will require much effort by the prosecution.

The Government has filed a Response to Defendant's Motion for a Bill of Particulars (Doc. 43), asserting that it is unnecessary in this case.  Specifically, the Government argues that paragraphs 2 and 4 of Defendant's Motion amount to legal questions and therefore cannot be afforded relief under **Rule 7(f)** (*Id.* at 2).  Further, the Government feels that Defendant's supporting memorandum fails to give any legal basis to support the Bill of Particulars request (*Id.* at 3).  In response to paragraph 1 of Defendant's Motion, the Government believes that the Bureau's Report regarding Defendant's statement, provided to Defendant by the Government during discovery, was extensively explored during the suppression hearing (*Id.* at 3).  The Government also lists the other documents it provided to Defendant during discovery, implying that much of the information requested by the Bill of Particulars has already been provided to Defendant, thereby obviating the need for this requested discovery (*Id.* at 4)(many of these are attached to its Response as exhibits).

---

**(e) Proof of registration**.--A person possessing a firearm registered as required by this section shall retain proof of registration which shall be made available to the Secretary upon request.

Defendant has also recently filed a Motion to Supplement the Bill of Particulars (Doc. 54), to which the Government has not yet responded, however, the Court believes it can adequately address this Motion as well, without such a Response.  Defendant seeks to further supplement his Bill of Particulars with the following three items, but gives no further reason as to why he should be entitled to this disclosure:

> 1.      Please state if it is known to the Government and the grand jury that defendant was an Illinois State Police officer from 1997 to 2006.
>
> 2.      Please state if the Government has knowledge that at all times involved with the acquisition of the M4 carbine in question that defendant James Vest was the equipment officer for the Illinois State Police Tactical Response Team (TRT - South).
>
> 3.      Please state all knowledge of the Government, if any, that the M4 carbine in question was ever used in a non-police activity (such as NRA functions, private demonstrations).  Please state the name and address, a job description of all persons with knowledge of the private use of the firearm.

## II.  ANALYSIS

### A.    The Purpose and Scope of a Bill of Particulars

FEDERAL RULES OF CRIMINAL PROCEDURE 7(f) allows, in conjunction with the issuance of an indictment, for the filing of a bill of particulars, a more specific expression of the activities defendant is accused of having engaged in which are illegal.  The decision whether to require a bill of particulars is within the sound discretion of the trial court, and that decision will not be overturned without a showing of an abuse of discretion.  *United States v. Canino*, **949 F.2d 928, 949**

(7th Cir. 1991)(citing *United States v. Serola*, 767 F.2d 364 (7th Cir.1985)). The standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial. *Id.* (citing *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981), *cert. denied*, 455 U.S. 1021 (1982)).

A bill of particulars is not to "be used to obtain a detailed disclosure of the government's evidence prior to trial," *United States v. Perez*, 489 F.2d 51, 71 (5th Cir. 1973)(citations omitted), nor can it be used "to obtain a list of the government's witnesses . . . or evidentiary detail." *United States v. Johnson*, 504 F.2d 622, 628 (7th Cir. 1974)(citations omitted). It also will not be a means to "discover the government's legal theory in general." *United States v. Papia*, 399 F. Supp. 1381, 1384 (E.D. Wis. 1975); *see also United States v. Glecier*, 923 F.3d 496, 502 (7th Cir. 1991) ("[T]he defendant's constitutional rights under the fifth and sixth amendments require that he be informed of the nature of the offense charged to allow him to prepare a defense and to protect his double jeopardy rights; they do not require the government to reveal the details of how it plans to prove its case.")(citing *Kendall*, 665 F.2d at 135).

As such, a bill of particulars seems more appropriately construed as a tool to "supplement the indictment," rather than as ostensibly conducting pretrial discovery. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). Thus, "a bill of particulars is not required when information necessary for a defendant's

defense can be obtained through 'some other satisfactory form.'" ***Id.* (citing Wright, Federal Practice and Procedure: Crim.2d, § 129, pp. 436-38 (1982))**.   "The nature and operations of the 'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary." ***Id.* (citing *United States v. Kramer*, 711 F.2d 789, 796 (7th Cir. 1983)(other citations omitted)**.

**B.     Defendant's Bill of Particulars and Supplement**

The Government has been forthcoming in providing Defendant with access to many pertinent documents, and has not otherwise indicated to the Court that it is not following its customary open file policy in this case.  Following the rationale of the case law discussed within this Order, Defendant's need for a bill of particulars is obviated by such a open file policy and exchange of germane documents.  Further, in the Motion to Suppress and Motion to Dismiss Indictment hearings previously conducted in this case, much of the information surrounding Defendant's Indictment was disclosed for purposes of determining Defendant's Motions.  It is therefore difficult for the Court to see how Defendant has not already been provided with the essential information generally derived from a proper bill of particulars – that is, information which would allow Defendant to clarify the nature of the charges in order to prepare a defense, and to avoid surprise or double jeopardy.

If this were a civil case, the items stated within Defendant's Bill of Particulars and the Supplement thereto would be categorically construed as either

requests to admit or interrogatories, all of which may be discoverable.  However, this is a criminal case.  Defendant seeks disclosure of information from the Government that the Court determines is outside of the four corners of the Indictment.  Many of the items seek information of evidentiary detail that would serve to reveal the Government's legal theory of the case or else ask the Government to make legal conclusions.  Basically, the Court views this Bill of Particulars and the Supplement as nothing more than pretrial discovery, which is inappropriate in this instance.  Further, Defendant has not made sufficient legal argument for the Court to find otherwise.  Accordingly, in the Court's discretion, Defendant's Motions must be **DENIED**.

## III.  CONCLUSION

Defendant's Motion for a Bill of Particulars (Doc. 37) and Defendant's Motion to Supplement the Bill of Particulars (Doc. 54) are hereby **DENIED**, as the nature of the information sought is inappropriate for a bill of particulars pursuant to **Rule 7(f)**.

**IT IS SO ORDERED.**

Signed this 28th day of July, 2006.

/s/          David  RHerndon
**United States District Judge**